# Board of Health of Covington, et al. v. Kollman.

## (Decided December 9, 1913).

### Appeal from Kenton Circuit Court
### (Common Law & Equity Division).

1. Health—Local Board—Power to Create.—The Legislature may create local boards of health and confer on them the power to adopt reasonable regulations for the protection of the public health in their community.

2. Health—Boards of—Powers.—Local boards of health empowered to execute such sanitary regulations as they may consider expedient to prevent the outbreak and spread of cholera, smallpox, yellow fever, scarlet fever, diphtheria and other epidemic and communicable diseases, and to examine into and abate all nuisances, sources of filth and causes of sickness, have the power to adopt a regulation prohibiting dairymen from selling milk in quantities less than a gallon unless placed in sanitary transparent and sealed glass bottles.

STEPHENS L. BLAKELY for appellants.

ROBERT C. SIMMONS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

In the year 1909 the general council of the city of Covington enacted an ordinance covering the sale of milk and other dairy products and regulating the sanitary condition of dairies and milk depots and the condition and use of utensils, vehicles, etc., used in handling, manufacturing or sale of milk and dairy products in Covington, Kentucky, and repealing certain ordinances of the city of Covington. The ordinance conferred on the board of health powers of inspection and examination. It further provides as follows:

"Upon the Board of Health of the city of Covington being satisfied that the place or places where the milk or milk products are to be kept or offered for sale, or from which they are obtained, are sanitary, or that the cows from which said milk is obtained are free from disease and kept in a sanitary place and manner, said board of health shall grant a permit to the applicant conditioned upon his compliance with the terms of this ordinance and the rules and regulations of the State Board of Health and Board of Health of the city of Covington. Said permit may be revoked at any time, by the Board of Health

of Covington, Ky., should the holder thereof fail or re-
fuse to comply with the provision of this ordinance.''

On January 31, 1912, the Board of Health of the city
of Covington adopted the following rule:

''Be it resolved by the Board of Health of the city
of Covington, State of Kentucky, that the following regu-
lations are necessary for the public health and are, there-
fore, regulations of this board.

''Section 1. No person or dealer in milk and no
servant or agent of such dealer in milk except such as
may sell for consumption upon the premises where sold,
shall give, furnish, sell or offer for sale or deliver any
whole milk, skimmed milk or cream in quantities less
than one (1) gallon, unless said milk or cream be in
sanitary transparent glass bottles or other receptacles
of similar character as may be approved by this board,
the same to be sealed with a suitable cap or stopper, the
said bottle or other receptacle shall be sealed immediately
after filling the same, which sealing and filling shall only
be done in a milk house or creamery, the sanitary con-
dition of which has been approved by this board.

''Section 2. It shall be unlawful to fill or refill with
sweet milk or cream any glass jar or bottle or other re-
ceptacle with intent to sell or vend such milk unless such
glass jar or bottle be first thoroughly cleaned and steri-
lized unless a non-refillable receptacle be used, and they
must be perfectly sterile when filled.

''Section 3. No person, dealer, servant or agent of
such dealer, shall give, furnish, sell or offer for sale
milk, skimmed milk or cream in quantities exceeding one
gallon unless the can or receptacle be filled in milk room
or creamery the same to be immediately and securely
sealed by a tight fitting top or cap.

''Section 4. No person shall transfer any milk from
one can, bottle or other receptacle to another on any
street, alley or thoroughfare or upon a delivery wagon
or other vehicle or in any exposed place in the city of
Covington, Kentucky.

''Section 5. This ordinance shall take effect and be
in force from and after May 1st, 1912.''

Plaintiff, Henry Kollman, a dairyman engaged in the
business of selling milk by retail in the city of Coving-
ton, refused to comply with the regulation of the board
of health in regard to bottling his milk, and for this
reason was refused a permit to sell milk in the city of
Covington. Alleging that the regulation of the board
of health with reference to the bottling of milk was in-

valid, plaintiff brought this action to enjoin the board of health and its health officer from prosecuting him for selling milk without a permit, and to compel the board of health to issue him a permit.

The case being submitted on the pleadings, exhibits and agreed facts, plaintiff was granted the relief prayed for, and from the judgment so entered the board of health and J. M. O'Maley, its health officer, appeal.

It is the contention of plaintiff that the powers conferred on local boards of health do not authorize them to adopt a regulation of the character of the one in question, and that being true the board of health of the city of Covington, which was a mere administrative agent of the city, to look after the enforcement of the ordinance enacted by the general council, has no power to enact rules and regulations in addition to and inconsistent with the provisions of the ordinance under which it acts. In this connection it is pointed out that the ordinance in question is very comprehensive. It deals with every phase of the dairy and milk business. It does not require the bottling of milk, but by using the words "cans and vessels" impliedly authorizes the use of other receptacles than bottles. There might be much merit in plaintiff's contention if the powers of the local board of health were derived solely from the general council. Such, however, is not the case. It is the mandatory duty of the general council of every city having a population of not less than 2,500 inhabitants to appoint a board of health, the number of its members varying according to the city's population. In such cities the local boards of health are invested with the same powers as the county local boards. Kentucky Statutes, section 2059. That the Legislature may create local boards of health and confer on them authority to make reasonable regulations for the health of their community is well settled. Hengehold v. City of Covington, 108 Ky., 752. Section 2055, Kentucky Statutes, provides in part as follows:

"Such local boards are empowered and it shall be their duty to inaugurate and execute and to require the heads of families and other persons to execute such sanitary regulations as the local board may consider expedient to prevent the outbreak and spread of cholera, smallpox, yellow fever, scarlet fever, diphtheria and other epidemic and cummunicable diseases, and to this end may bring the infected population under prompt and proper treatment during premonitory or other stages of the disease, and they are empowered to go

upon and inspect any premises which they may believe are in an unclean or infectious condition, and it shall be empowered to fix and determine the location of an eruptive hospital for the county, sufficiently remote from human habitation and public highways as in its judgment is safe, and said boards are authorized and shall have power to enforce rules and regulations adopted by the State Board of Health. * * * And such local board shall make report to the State Board of Health at least once in every three months—first, the character of the infectious, epidemic and communicable diseases prevailing in their county; second, the number reported as afflicted with such disease; third, the action taken by such board in arresting the progress of such epidemics, and the visible effects of such action, and shall also make special reports when they deem it expedient or when required by the State Board, and the local board shall receive no compensation for such service."

Section 2057, Kentucky Statutes, is as follows:

"The State Board of Health and local boards shall have power and authority to examine into all nuisances, sources of filth and causes of sickness that may, in their opinion, be injurious to the health of the inhabitants within any county in this State, or in any vessel within any harbor or port in any county in this State; and whenever any such nuisance, source of filth or cause of sickness shall be found to exist on any private property, or in any vessel within any port or harbor of any county in this State, or upon any water course in this State, the State Board of Health, or local board of health, shall have power and authority to order, in writing, the owner or occupant thereof, at his own expense, to remove the same within twenty-four hours or within such reasonable time thereafter as such board may order; and if the owner or occupant shall neglect so to do, he shall be fined not less than ten nor more than one hundred dollars, and each day's continuance of such nuisance, or source of filth, or cause of sickness, after the owner or occupant thereof shall have been notified to remove the same, shall be a separate offense."

It will be observed that by the foregoing sections, local boards are empowered, and it is made their duty, to execute such sanitary regulations as the local board may consider expedient to prevent the outbreak of cholera, smallpox, yellow fever, scarlet fever, diphtheria and other epidemic and communicable diseases. Such

local boards are further empowered to examine into all nuisances, sources of filth or causes of sickness that in their opinion may be injurious to the health of the inhabitants within any county of the State.  We are not inclined to take the narrow view that the board powers thus given can only be exercised by local boards where an epidemic actually exists, or where the cause of sickness is such as to amount to a nuisance.  It is well settled that the powers of such boards, conferred for the protection of the public health, should be literally construed in order to effectuate the purpose of the legislature.  Gregory v. City of New York, 40 N. Y., 273; City of Bardstown v. Nelson County, 25 Ky. L. Rep., 1478; Allison v. Cash, 143 Ky., 679; Hengehold v. City of Covington, 108 Ky., 752.  The most effective way to prevent disease is to remove the cause thereof.  Therefore, local boards are given the power not only to prevent the spread of epidemic and communicable diseases, but to prevent their outbreak, and to this end are given the further power to examine into and abate such causes of sickness as may in their opinion be injurious to the health of the inhabitants within any county of the State.  But it is insisted that the sale of milk in cans is not shown to be such cause of disease as to justify the regulation in question, and that to give such a construction to the statute would open the way for health boards to adopt all sorts of fads.  In response to the first contention, however, it is sufficient to say that it is a recognized fact that numerous diseases result from the careless handling of milk, and that cans are not as sanitary as sealed bottles.  Being the agency created by the Legislature to prevent the outbreak and spread of disease, and to remove causes of sickness, the presumption is always in favor of the board of health, and its action will not be interfered with unless it appears unreasonable or oppressive.  The fact that its membership may sometimes be composed of extremists is no reason for denying the power conferred by the Legislature.  Nor should we be controlled by the fact that a scientific theory of today may be discarded tomorrow.  In matters affecting the public health it is the part of reason and common sense to adopt the best scientific thought of the age in which we live.  If research and investigation lead to other accepted theories, then we must adopt them.  Were the rule otherwise, both the courts and the Legislature would be without a competent guide.  Viewing the matter in the light of the

accepted theories of science at the present time, a regulation of a local board of health requiring milk to be handled in sealed transparent bottles is neither unreasonable nor oppressive. Being of the opinion that the board of health of the city of Covington had power to adopt the regulation in question, and that the regulation was reasonable, it follows that the lower court erred in granting plaintiff the relief prayed for.

.Judgment reversed and cause remanded, with directions to dismiss the petition.