## King v. Kentucky Board of Pharmacy.

(Decided October 6, 1914.)

Appeal from Jefferson Circuit Court
(Common Pleas No. 4.)

1. Pharmacy—Registration of Persons by State Board of Pharmacy.
—The statute authorizing the Board of Pharmacy to issue reciprocal registration to persons having certificates granted in other States under such rules and regulations as the Board may prescribe, is valid, and does not delegate to the Board legislative authority.

2. Pharmacy—Regulation of State Board of Pharmacy—Registration.—A regulation of the Board that reciprocal registration will not be granted to a person who was not a bona fide resident of the State in which he obtained his certificate, and who had not had a year's experience in that State in the retail drug business, is not unreasonable or arbitrary, as without this, residents of Kentucky could avoid the Kentucky examination by going to other States where the examination was not so difficult.

3. Pharmacy—Regulation of State Board of Pharmacy.—The regulation is not retrospective, but it applies to all applications made after its adoption.

ERNEST WOODWARD and OTTO C. MARTIN for appellant.

EDWARD BLOOMFIELD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
—Affirming.

C. C. King obtained a certificate as a licensed pharmacist from the Georgia Board of Pharmacy on November 10, 1911, and in the month of December, 1911, applied to the Kentucky Board of Pharmacy for reciprocal registration under the act of 1910, which provides:

"The Kentucky Board of Pharmacy is hereby authorized to exchange certificates of registration with

other states allowing registered pharmacists of foreign states to practice pharmacy in this State under such rules and regulations as the Kentucky Board of Pharmacy shall determine."

(See Acts 1910, p. 333.)

At the time he made the application the following rules of the Board were in force:

1. All applicants for reciprocal registration are required to have all the qualifications of applicants, required in the State of Kentucky, as provided in section 2625, Ky. Statutes.

2. All applicants for reciprocal registration are required to be registered by examination in the State for which they apply; and to have made a general average of not less than 75%, nor less than 60% in any one branch.

3. The applicant must have been registered in the State from which he applies at least one year before reciprocal registration is granted.

As King had not been registered in Georgia for one year his application for reciprocal registration was denied by the board on this ground. In December, 1912, he again applied to the Kentucky Board of Pharmacy for reciprocal registration, this being more than one year after he had been registered in Georgia. But in April, 1912, the following additional rule had been adopted by the board:

"No resident of this State or of any other State shall be deemed eligible for reciprocal registration in Kentucky upon the examination of the Board of Pharmacy of another state unless said applicant, at the time of taking said examination, shall have been a bona fide resident of said State and engaged in the retail drug business therein for a period of not less than one year immediately prior to said examination."

As King had not been an actual resident of Georgia for one year prior to his registration in that State, the board declined to grant him reciprocal registration. He thereupon brought this action against the board to obtain a mandamus compelling them to grant him the certificate. The defendants demurred to the petition for want of jurisdiction in the court. The circuit court sustained the demurrer; but on appeal the judgment was reversed. (See King v. Ky. Board of Pharmacy, 157 Ky., 52.) On the return of the case to the circuit court, it was heard

.upon the merits, and the facts being established as above .stated, the plaintiff's petition was dismissed. He appeals.

Secton 2625 Ky. Statutes, contains this provision as to the granting of a certificate to an applicant:

"If the secretary of the board shall find that he has had a practical experience of three years in compounding physicians' prescriptions, and in the general duties of pharmacy, is a person of good moral character and temperate habits, and if after a satisfactory examination they find that he is duly qualified they shall register him, and issue him a certificate as registered pharmacist."

King did not stand an examination before the board, and his only claim is under the statute for reciprocal registration. It is insisted for him that the rules made by the board in fact destroy the right of reciprocal registration. We cannot concur in this. It seems that persons living in Kentucky who are unwilling to stand the Kentucky examination went to other states where they did not reside to get certificates, and then presented these certificates for reciprocal registration to avoid standing the Kentucky examination. But for the rule of the board, a person who had failed in the Kentucky examination .might immediately go to another State, obtain a certificate, and return here and, as a matter of right, have a certificate issued to him by the Kentucky board. The rule is not arbitrary, but reasonable. We have upheld in a number of cases statutes authorizing similar boards to prescribe rules and regulations. Such acts do not delegate legislative power; but only authorize such administrative regulations as may be proper and necessary. (State Racing Com. v. Latonia Agricultural Com., 136 Ky., 173; Breckinridge Co. v. McDonald, 154 Ky., 728; Board of Health of Covington v. Coleman, 156 Ky., 351.)

It is true the rule of the board adopted in April, 1912, is not retrospective, and only applies to applications made after its adoption, but the rule was in force when King's application was made in December, 1912; the fact that he had made a previous application in December, 1911, which had been rejected, was immaterial.

No right of the appellant under the Fourteenth Amendment of the Constitution of the United States has been violated. The rule does not discriminate against the citizens of another State. It is neither harsh nor

unwarranted. He is a citizen of Kentucky. The purpose of the rule was to prevent citizens of Kentucky from evading the statute of the State requiring them to pass an examination in order to obtain a certificate as a pharmacist.

Judgment affirmed.