CASE 8—MANDAMUS—MARCH 15.

# Montgomery County v. Menefee County Court.

APPEAL FROM MENEFEE CIRCUIT COURT.

1. DIVISION OF COUNTY AFTER INCURRING INDEBTEDNESS.—Under the Act of the Legislature, creating the county of Menefee, which makes it the duty of the Menefee County Court to annually levy upon the citizens and property of that part of the county that was taken from the county of Montgomery the same tax that is levied by Montgomery county upon its citizens and property to pay a certain bonded debt of Montgomery county that existed at the time of the passage of the Act, a compromise of the debt by Montgomery county is binding upon the Menefee County Court, and Montgomery county may, by mandamus, compel the members of that court to levy a tax to pay the new bonds issued under the compromise.

2. A SUIT TO COMPEL A COUNTY COURT, BY MANDAMUS, TO LEVY A TAX must be against the persons composing the court, and not merely against the "county court" by that name.

ED. C. O'REAR, J. L. ELLISTON FOR APPELLANT.

1. Montgomery county is the real party in interest and the action was properly brought in the name of the county. (Civil Code, sec. 18; Christian County Court v. Rankin, &c., 2 Duv., 502; Lawrence County Court v. The Chattaroi Railroad, 81 Ky., 225; Dunn v. Bedford, 8 Ky. Law Rep., 874.)

2. The territory taken from Montgomery county in the formation of Menefee having no separate organization of its own, corporate or otherwise, is, so far as this debt is concerned, under the provisions of the Act creating said county, still a part of Montgomery county and bound by the action of appellant in the provision made for the payment of this bonded debt. (Carter County v. Sinton, 120 U. S., 701.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant alleges in its petition that on the 15th day of April, 1853, pursuant to the authority conferred upon it by the Legislature of this State, approved January 9, 1852, it subscribed $200,000 to the capital stock of the Lexington and Big Sandy Railroad Company, and issued two thousand bonds of the county of $1,000 each, due in —— years after date, together with six per centum per annum, payable semi-annually to said company. That the appellant was also empowered by said Act to levy an annual tax on the taxable property, real and personal, of said county, to pay said bonds and interest thereon; that the appellant, on the 15th day of April, 1883, by the authority of an Act of the Legislature of this State, approved April 8, 1880, refunded one hundred and twenty of those bonds, and issued one hundred and twenty new bonds to the company for $1,000 each, and due ten years after date, bearing 6 per cent. interest, payable semi-annually; that these bonds and interest are unpaid.

That by an Act of the Legislature of this State, approved March 10, 1869, the county of Menefee was formed, and said county, as formed, included a portion

of the territory of Montgomery county, the appellant, as it existed at the time said county made said subscription; that the said Act of 1869 provided that the taxable property of that part of Menefee county that was taken from Montgomery county should remain liable for the payment of said bonds and interest thereon; that the assessor of Menefee county should annually assess all the taxable property within the boundary of the territory taken from Montgomery county, to pay said bonds and interest; that the county court of Menefee should annually levy on that portion of the citizens and property so taken from Montgomery county, the same rate of tax that was levied by the county of Montgomery on its citizens and property, to pay said bonds and interest.

That on the 23d day of February, 1887, the appellant, by order duly entered by its levy court, imposed a tax of thirty cents on each one hundred dollars of taxable property in said county, for the payment of said bonds and the accrued and accruing interest thereon; that thereafter the appellee was duly notified of the action of the appellant in making said levy and the necessity for the same, and was requested to make a like levy upon the taxable property of that part of the appellee that was taken from Montgomery county; but the said levy court refused to make said levy, etc. The appellant asks that the appellee be mandamused to make said levy, etc.

The lower court sustained a general and special demurrer to the petition. It is supposed that the court sustained the general demurrer upon the ground that the action of the Montgomery County Court in refunding and issuing one hundred and twenty new bonds in the place of the old ones, without the appellee being a party

to such action, was not binding upon the appellee. But it seems to us that the case of Carter County v. Sinton, 120 U. S., 517, is decisive of that question. It is therein held that by the Act creating the new county, that part of Carter county that was included in the new county was, for the purpose of the debt of Carter county that existed at the time the new county was formed, to remain a part of Carter county; but for all other purposes it was a part of the new county; that the compromising of said indebtedness by Carter county, after the formation of the new county, without the latter's consent or participation, bound the said territory with said county for its *pro rata* payment of the indebtedness agreed to be paid on the compromise, the compromise not creating a new indebtedness; that the new bonds issued for the payment of the compromise indebtedness were not evidences of a new indebtedness; but they merely evidenced, in a new form, the old indebtedness.

So, in this case, the refunding of the indebtedness and the issual of the new bonds in payment of it, did not create a new debt, but the evidence of it was merely changed, which change Montgomery county had the right to make without consulting Menefee county, or that part of the territory embraced therein that once belonged to Montgomery county; for, by the Act creating Menefee county, that part of the territory that was taken from Montgomery county was to remain a part of that county for the purpose of being bound for its *pro rata* of the Montgomery debt and for its payment; but the management and control of the debt, and the provisions for its payment, belonged exclusively to the appellant. And the only power that the appellee possessed,

under the Act creating it, was that of an agency to collect the *pro rata* of the indebtedness that said territory should pay, as ascertained by the appellant. It seems to us that, as far as the general demurrer is concerned, the petition presents a cause of action; but the court was right in sustaining the special demurrer.

The action is against "the Menefee County Court." Now, it is true that ordinarily an action may be maintained in the name of a county, as was the case in Lawrence County v. Chattaroi Railroad, 81 Ky., 225. But those cases are not like this one. Here, the appellant seeks to compel, by mandamus, the performance of a ministerial duty; and it seems to us that the delinquency complained of is the refusal of the individual officials interested with the performance of that duty to execute it. And such persons should be sued by name, in order that the court might determine whether or not they are the proper persons to perform that duty, and to command them to perform it.

The judgment is affirmed.