## King v. Kentucky Board of Pharmacy, et al.

(Decided January 22, 1914.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Fourth Division).

Venue—Action—Kentucky Board of Pharmacy—Service of Process Upon.—An action against the members comprising the Kentucky Board of Pharmacy to coerce the performance by them of a ministerial duty, in the absence of special statutory provision, may be brought in any county in which service of process is had upon any one or more of said members. The Board is not a corporation within the meaning of Section 72, Civil Code of Practice.

ERNEST WOODWARD for appellant.

EDWARD BLOOMFIELD for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

The appellant, C. C. King, on October 13, 1913, instituted in the Jefferson Circuit Court a mandamus proceeding against R. H. White, C. L. Diehl, Addison Dimmitt, G. O. Patterson and J. C. Gilbert, individually  and  as members of the Kentucky Board of Pharmacy, seeking to require them to issue to him a pharmacist's certificate of registration permitting him to practice his profession in this State. Notice of the motion was served on Patterson, Gilbert, Dimmitt and Diehl in Jefferson County, and on White  in Montgomery,  the  county of  his residence. The defendants entered a motion to quash the return on the notice, and by special demurrer, made objection to the jurisdiction of the Jefferson Circuit Court, upon the ground that the Kentucky Board of Pharmacy is a corporation  or  quasi-corporation; that R. H. White, the President and chief officer of the Board resides and was served with process in Montgomery County; and that said Board has no office in Jefferson County, although it holds in Louisville, in that county, four meetings each year, as required by section 2622, Kentucky Statutes. The lower court sustained the motion to quash the return on the notice, sustained the special demurrer, and dismissed the petition; and plaintiff appeals.

The question presented is: Must an action against the members comprising the Kentucky Board of Pharmacy be brought in the county in which the President of the said Board resides, the Board having no office or place of business in any county? In other words, is such action governed as to venue by section 72 of the Civil Code?

In support of its contention, that section 72 governs the venue of this proceeding, appellee cites the case of Gross v. Kentucky Board of Managers, etc., 105 Ky., 842, and Henderson County Board of Health v. Ward, Judge, 107, Ky., 477.

In the Gross case, the only question was whether the Board of Managers of the World's Columbian Exposition could be sued as such Board, upon a contract entered into by it as such Board, and this court held that as that Board was vested with corporate powers, it could be sued for its corporate acts; saying, "the only reasonable conclusion is that the Board of Managers to whom the $100,000 was committed to carry out the object of the act, was intended to be, *to the extent of the funds put in its hands, at least,* a quasi-corporation  *  *  * It was an agency of the State, but it was also vested with corporate

powers, and in its corporate capacity it may be sued for its corporate acts, just as any other corporation." But no question of venue or jurisdiction was therein involved.

In the case of Henderson County Board of Health v. Ward, Judge, *supra,* the only question before the court was whether a court of chancery could compel the representatives of the county to deliver into the custody of the said Board of Health the county pesthouse and patients, during an epidemic of smallpox; and this court said that "while it is not by statute made a corporation, the Board of Health is created an agency of the State. A similar agency has been in the case of Gross v. Kentucky Board of Managers, etc., held sueable as a corporation. * * * The Board is a high governmental agency, charged with important duties, the courts of the Commonwealth affording proper means for the enforcement of such." Only the right to sue was involved in that action; no question of jurisdiction or venue was raised.

But appellee further contends that even if the Board is not a corporation or quasi-corporation, the Jefferson Circuit Court has no jurisdiction of the action because process must be served on the chief officer of the Board in the county where the action is instituted; and cites in support of this contention the case of Board of Church Extension v. Taylor County, 152 Ky., 518. In that case, Taylor County had been sued in the Jefferson Circuit Court on certain bonds issued by it; the summons was served in Taylor County; and on motion of the defendant the summons was quashed and the action dismissed for want of jurisdiction. On appeal, in affirming the judgment of the circuit court, this court said:

"The counties of the State are political sub-divisions created for political purposes. Where they create debts by authority of law, they have been called quasi-corporations, but they are in fact not incorporated, and are not a corporation within the meaning of section 72, Civil Code. * * * *which refers to business corporations.*"

Neither of the cases referred to, therefore, covers the question herein presented, nor are we referred to any authority directly in point; and we have been unable to find any.

There is no special provision of law as to the venue of actions against, or service of process upon the Kentucky Board of Pharmacy. It is not designated a corporation by the act creating it; nor is it a corporation

within the meaning of section 72 of the Civil Code; nor do quasi-corporations come within the provisions of that section. This action is a transitory one under section 78 of the Civil Code; and may be brought in any county where process is executed upon the members of the Board or any one or more of them. Boards of this character may properly be called quasi-corporations when they act pursuant to contractual powers conferred upon them by the act creating them, and in respect of contractual rights and obligations thereunder incurred; but quasi-corporations do not come within section 72.

It will be noticed that this action is brought, not for the enforcement of contractual rights and obligations, but to coerce the performance of ministerial duties. It is an action against the individuals comprising the Kentucky Board of Pharmacy, its object being to require the individual officials upon whom devolves the performance of a duty, to execute the same. And these officers must be sued by name in order that the court may determine whether or not they are the proper persons to perform such duty, and in order that it may command them to perform it. See Montgomery County v. Menifee County Court, 93 Ky., 33.

The Jefferson Circuit Court therefore had jurisdiction of the action by virtue of the service of the notice of the motion on a part of the defendants in Jefferson County; and erred in sustaining the motion to quash the return on the notice, and in sustaining the special demurrer, and in dismissing the petition.

Judgment reversed.