(No. 20925

AARON BODENWEISER, Appellant, *vs.* THE DEPARTMENT OF REGISTRATION AND EDUCATION, Appellee.

*Opinion filed December 17, 1931—Rehearing denied Feb. 3, 1932.*

HARRIS F. WILLIAMS, and ROBERT C. BAUMGARTNER, for appellant.

OSCAR E. CARLSTROM, Attorney General, (WILLIAM C. CLAUSEN, and PHILIP E. RINGER, of counsel,) for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook county entered on March 14, 1931, quashing the writ of *certiorari* and dismissing the proceeding wherein, after a review of the record, the appellant's license as a real estate broker was revoked. The proceedings before the appellee were instituted upon the sworn statement of the relator, Tom F. Beveridge, whose complaint set forth that the appellant, after having been appointed to collect rents for Beveridge for compensation, had collected all of the rents, paid some bills and embezzled the rest of the money. A hearing was had, in accordance with the provisions of the statute, before a committee of real estate brokers appointed for that purpose by the director of the Department of Registration. After this hearing the committee recommended the revo-

cation of the license of the appellant. The findings of the committee embodying the material facts at issue were as follows: "That the respondent was a duly licensed real estate broker during the years 1928 and 1929 and transacted business under the style of Aaron Bodenweiser & Associates and had offices in the city of Chicago; that the relator was in July, 1928, the owner of property known as 4961-4963 Lake Park avenue, Chicago, Illinois, and in the said month of July, 1928, the relator appointed the respondent, Aaron Bodenweiser, as a real estate broker to manage his building and collect the rents for a consideration of three per cent of the collections; that such collections and management continued to December, 1928; that the respondent collected rents for said month of December, 1928, and deposited them, with other rents collected for other owners, in his personal checking account at the South Side Trust and Savings Bank; that on December 28 the total in said checking account was between $1200 and $1500, and that for so-called 'December statements' the respondent was indebted to individuals hiring him, as property owners, to manage their respective properties, for an amount between $16,000 and $17,000; that on said date he was indebted to the said South Side Trust and Savings Bank in the sum of $8500 and had pledged collateral of a face value of $12,500 with the said bank and had previously executed a note payable to the bank, which note expressly provided that the bank could apply the balance in his personal checking account to apply on his loan at any time; that on December 28, 1928, an attachment suit was instituted by a creditor of said respondent, and his funds in the bank, including the sum of $513.37 to which the relator was entitled, were tied up, and subsequently the said respondent made an assignment for the benefit of his creditors, in which assignment the relator took part, and included in the assets assigned to the trustees for the benefit of his creditors the balance in the bank previously re-

ferred to, and thereby became unable to remit to the relator; that the relator has subsequent thereto filed a claim for the balance due him, but has failed to receive the same and is not likely to receive the full amount upon liquidation of the assets; that by reason of the foregoing the respondent has been guilty of commingling of funds of the relator with other moneys and has been guilty of subjecting the funds of others to seizure on a personal obligation of the respondent, and has been guilty of disbursing rentals collected for the relator or others for his own personal use and has been guilty of failure to account for or to remit for money coming into his possession which belonged to others. On the basis of the foregoing findings your committee respectfully recommends that the license of Aaron Bodenweiser as a real estate broker be revoked." Following this report an order was entered by M. F. Walsh, director of the Department of Registration and Education, approving and adopting the findings and recommendation of the committee and revoking appellant's license. After a motion for rehearing was filed with and denied by the department, the appellant sought a review by *certiorari* in the circuit court and therein made a motion to quash the record returned by the appellee and to vacate and set aside the order revoking his license. This motion was denied and a cross-motion made by the appellee to quash the writ of *certiorari* and dismiss the proceeding was allowed.

Among other errors assigned the appellant has raised certain points in the circuit court and has again raised the same questions before us under points 3, 4, 5, 6 and 7 of his brief, which were not included in his written motion for rehearing before the Department of Registration and Education. Regardless of the merit of these contentions, they cannot now be considered. By an amendment to the Civil Administrative Code (Smith's Stat. 1929, chap. 127, sec. 60c *et seq.*) the legislature prescribed a practice act to govern proceedings in the Department of Registration and

Education and the review of such proceedings. By section 609 it is provided that the committee hearing the evidence shall present to the director its findings and recommendation, and that within twenty days after service of a copy of such report the registrant may present to the department his motion in writing for a rehearing, which written motion shall specify the particular grounds therefor. The provisions of this statute (sec. 60i) covering a review of orders of revocation include the following: "No department order of suspension or revocation shall be set aside or vacated on any ground not specified in the written motion for rehearing." Since the proceeding is purely statutory the errors raised for the first time in the *certiorari* proceedings in the circuit court and again presented here must be disregarded. They were not included in the written motion for rehearing before the department and are thus not subject to review.

The only other issues remaining were, in general, whether the appellee acted in accordance with the statutory provisions in revoking the appellant's license as a real estate broker on the evidence presented, and whether evidence was improperly admitted over the objection of the appellant. In the act on real estate brokers (Smith's Stat. 1929, chap. 114½, sec. 8,) it is provided that a broker's license may be revoked where the registrant, while acting as a broker, is deemed guilty of "failure to account for or to remit for any moneys coming into his possession which belong to others." While the complaint used the word "embezzled," nevertheless it also contained sufficient facts to show that between June, 1928, the date of the appointment of the appellant to manage Beveridge's building, and December, 1928, when he discontinued such management, he as broker had collected rentals and failed to account for them to Beveridge. No objection was made during the hearing that the complaint was insufficient in failing to charge the appellant with acts constituting the grounds of

revocation. On the other hand, the appellee, by its attorney, expressly indicated that the allegations in the complaint were considered allegations of a failure to account for moneys, rather than embezzlement. The provisions of the statute clearly show that the proceedings were to be both informal and summary in character and free from technical rules observed in courts of law. The act provides that the committee which hears the evidence shall consist of three licensed real estate brokers. These men are not learned in the science of law, and their functions are administrative—not judicial—in character. The record shows that on the hearing before the committee the principal inquiry was whether the appellant had failed to remit rent money coming into his possession which belonged to others. This investigation was general in character, and its chief purpose was not to detect crime but to determine whether the appellant's conduct warranted a revocation of his license as a real estate broker. Under these circumstances the committee had latitude, under the charges filed, to hear evidence of any irregularities of the appellant in failing to account for rent moneys received, in order to determine his fitness to continue in the real estate business. By decisions of other States it has been held that proceedings before similar administrative boards are informal and not bound by the technical rules of courts of law. *Meffert v. Board of Medical Registration and Examination,* 66 Kan. 710, 72 Pac. 247; *Lanterman v. Anderson,* 172 Pac. (Cal.) 625.

It is further contended that because Beveridge, with other creditors, extended the time for payment of the obligation the Department of Registration and Education was estopped from proceeding with its investigation. This contention is not supported by the statute or by any decision of this court. The statute provides that one who has been licensed as a real estate broker may hold his certificate until it is determined, in the summary way therein provided, that his conduct is such that he should no longer be entrusted

with the rights and privileges offered by the license. According to the recommendation of the real estate committee the appellant was unable to remit the rent moneys due in December by reason of attachment proceedings instituted by one of his creditors. The proof showed that he had collected about $16,000 in rentals and had less than $1500 of this amount on deposit. He had kept no separate bank accounts but had commingled all the rentals collected with his own funds in his personal account. The proof showed that he was hopelessly insolvent at the time the complaint was filed. If Beveridge, knowing that the appellant was insolvent, saw fit to adjust his civil rights in a manner which he and the other creditors deemed advantageous, this action did not estop the department from conducting its investigation to determine whether the appellant's failure to remit the rent moneys when collected would warrant the revocation of his certificate.

The appellant also feels aggrieved because the committee made inquiry with reference to his bank account and admitted evidence of claims or charges which other creditors had against him. Since the appellant deposited all of his rent collections in his personal bank account it was necessary for the committee to make its inquiry in this manner. The appellant himself introduced evidence of an attachment suit against this common fund and offered this to explain why the money had not been remitted. This attachment was not sued out by Beveridge but arose under the claim of another person for whom the appellant was collecting rents. Under these circumstances it was both necessary and proper for the committee to inquire how much interest Beveridge had in this common bank deposit as against the other creditors. The appellant on the witness stand stated that the moneys were intermingled, and admitted that he would have had to borrow the funds necessary to meet the shortage of about $14,000 in his bank account. The action of the department in thus attempting to

trace the rentals and in admitting evidence as to the nature of the bank account was proper under the circumstances.

The proof clearly showed that the appellant had used money belonging to others which he had collected in a fiduciary capacity and commingled with his own. The department was therefore justified in revoking his license as a real estate broker, and the judgment of the circuit court in quashing the writ of *certiorari* is affirmed.

*Judgment affirmed.*