## CITY OF BEAUMONT v. STEPHENSON.

### No. 2888.

Court of Civil Appeals of Texas. Beaumont.

April 9, 1936.

Rehearing Denied July 8, 1936.

E. B. Votaw, J. B. Morris, and M. L. Lefler, all of Beaumont, for appellant.

Tom C. Stephenson, of Beaumont, for appellee.

WALKER, Chief Justice.

This was a suit for mandamus by A. C. Stephenson, relator, against respondents, the city of Beaumont, a municipal home ruled corporation, its mayor, P. D. Renfro, its city manager, C. Hugh Petkovsek, and its clerk, Raymond Edmonds, "sued in their official and fiduciary capacities as such' Mayor, City Manager, and City Clerk, respectively, and only in such capacities," tried in the lower court upon the following agreed statement of facts:

"That at all times mentioned in plaintiff's second amended original petition, and herein, the plaintiff, A. C. Stephenson, was a resident citizen of Orange County, Texas, and that the defendant, City of Beaumont, is a municipal corporation of Jefferson County, Texas, incorporated under the general laws of the State of Texas, under what is known as the Home Rule Amendment to the Constitution, being a city of more than five thousand inhabitants, and operating under a charter adopted by a vote of its people, and the other defendants being its officials acting herein, a copy of said charter being here introduced in evidence for all purposes herein.

"That at the time of the injuries to the plaintiff on November 3rd, A. D. 1932, he was fifty-five (55) years of age, and had been steadily employed by the City of Beaumont for a number of years, making from Twelve ($12.00) to Eighteen ($18.00) Dollars per week; that the said A. C. Stephenson received severe and permanent disability injuries while so employed by the said City of Beaumont in the course of his duties and employment on November 3rd, A. D. 1932.

"That after said injuries to the said plaintiff, A. C. Stephenson, the said A. C. Stephenson gave notice thereof in writing to the said City of Beaumont as required by its charter, that the said defendant, City of Beaumont, began within about two (2) weeks after the said A. C. Stephenson received said injuries to pay the said plaintiff, A. C. Stephenson and did pay him, for a period of substantially twenty-three (23) months after said injuries as aforesaid, certain sums of money equivalent to the amount he had been earning per week, at his job prior to said injuries, and for which the said A. C. Stephenson performed no services, or gave or paid anything else of value therefor.

"Section 70, Paragraph 2 of the City Charter of the said City of Beaumont, under which the said City of Beaumont was operating on and prior to November 3rd, A. D. 1932, provides among other things as follows:

" 'To provide rules and regulations for maintaining employees when injured and disabled while performing their duties and to pension any employee who has been continuously in the employ of the City for 25 years, who shall retire or be retired by the Commission on account of infirmity of age. The amount of said pension shall be graded in proportion to the average salary received by the employee during the whole period of his employment. All those falling under the head of employees in this Charter, and are employed by the city when the same takes effect, shall be entitled to a credit for the years of continuous service heretofore served.'

"That this suit was filed by A. C. Stephenson against the City of Beaumont in the month of October, A. D. 1934, and after a series of discussions with reference to a settlement between the said A. C. Stephenson and the said City of Beaumont, between its proper agents, representatives and officials, and that thereafter after said suit had been filed the said plaintiff and his attorney discussed with the said defendants, the City of Beaumont, and its attorneys several times propositions of settlement of the said A. C. Stephenson's claim, and that finally the said plaintiff with his said attorney and the said defendants through their said attorneys agreed upon a settlement of said case with the plaintiff and his attorney, wherein the said defendant, City of Beaumont, through the proper officials, was to pay the said plaintiff, A. C. Stephenson, the additional sum in the amount of Six Thousand ($6,000.00) Dollars same to be paid to the said plaintiff by the said City of Beaumont in one lump sum in full and final payment and satisfaction of all claims for injuries suffered by the said A. C. Stephenson by reason of said injuries received by the said A. C. Stephenson in the course of his duties and employment for the said City of Beaumont on the 3rd day of November, A. D. 1932, that thereafter upon the 8th day of January, A. D. 1935, the said City Commission of the said City of Beaumont, at a regular session thereof, by an affirmative vote of all of the members of the said City Commission of the said City of Beaumont passed the following resolution to-wit:

" 'A Resolution

" 'Whereas, A. C. Stevenson, on the 3rd day of November, A. D. 1932, and prior thereto, was in the employ of the City of Beaumont in the Street and Bridge Department, said employment consisting of daily labor in connection with the operation of a certain truck being operated by said department of the City of Beaumont; and

" 'Whereas, on said day and date the said A. C. Stevenson sustained personal injuries of a serious nature growing out of an accident wherein the truck belonging to the City of Beaumont, in connection with which he was employed, partially ran over him, crushing a leg and causing other personal injuries; and,

" 'Whereas, an agreement has been reached whereby the said A. C. Stevenson agrees to fully settle his claim for damages growing out of said injury against the City of Beaumont for the total sum of Six Thousand Dollars ($6,000.00); and,

" 'Whereas, the said settlement is deemed advisable and it is the purpose and intention of this resolution, to authorize the City Manager, City Clerk and the Legal Department of said city to effectuate said settlement.

" 'Now, therefore, be it resolved by the City Commission of the City of Beaumont: That the City Manager and the City Clerk of said City of Beaumont, be and they are hereby authorized and directed to issue a draft in the sum of Six Thousand Dollars ($6,000.00) payable to the said A. C. Stevenson, and deliver the same to the Legal Department of said City, whereupon the said Legal Department, after securing a proper quitclaim and release from the said A. C. Stevenson, in full and final settlement of all of his said claims for damages growing out of said injury, shall deliver the said draft to the said A. C. Stevenson for the purpose hereinbefore stated.

" 'Passed by an affirmative vote of all members of the City Commission, this the 8 day of January, A. D. 1935.
" '(Signed) P. D. Renfro, Mayor.'

"Section 39, Paragraph 4 of the City Charter of the said City of Beaumont, under which the said City of Beaumont was operating on and prior to November 3rd, A. D. 1932, among other things provides as follows:

" 'When any proposed ordinance, resolution or other thing duly presented for the

action of the City Commission or the City Council shall be finally acted upon and disposed of by the body before which it shall be pending, such action shall be binding as the final action of the City thereupon until the same shall be amended or repealed or vetoed in some legal manner authorized and provided by this charter.'

"That thereafter said resolution as above adopted and passed by the said City Commission of the said City of Beaumont as aforesaid was never vetoed or rescinded by the said City Council or the said City Commission of the said City of Beaumont.

"Section 38, Paragraph 1 of the City Charter of the said City of Beaumont, under which the said City of Beaumont was operating on November 3rd, A. D. 1932, in paragraph 1 and subparagraphs thereto, in Section 38, among other things, provides as follows:

"'* * * And have general power over the City's finances, subject to the conditions and limitations imposed by this charter; provided, however, the council by majority vote of all its members not including the members of the commission, shall have and are by this charter given the power to veto any ordinance or resolution passed or action taken by the commission, provided, said veto is exercised and entered within forty days after such ordinance or resolution is passed or such action taken, and nothing in this charter shall be construed as taking away or in any way or to any extent abridging such power of the council.'

"That the said plaintiff and his attorneys have demanded of the said City of Beaumont, through its Mayor, its City Manager, its City Attorney, and its City Clerk, that the said City of Beaumont pay plaintiff the said sum of Six Thousand ($6,000.00) Dollars in accordance with said resolution and agreements hereinabove set forth; but that the said City of Beaumont, its Mayor, City Manager, City Attorney, and City Clerk have failed and refused and still refuse to pay plaintiff said sum of money or any part thereof whatsoever.

"We, the said parties plaintiff and defendants, through our respective attorneys of record agree that the above and foregoing is a true and correct statement of facts in the above entitled and numbered cause in so far as the same pertains to the mandamus proceedings, and we hereby agree to submit the same as a statement of facts in this cause.

"Witness our hands this the 20th day of Mar. A. D. 1935.

"Tom C. Stephenson,
Attorneys for plaintiff
"M. L. Lefler,
Attorneys for defendants
"J. B. Morris."

Relator plead the facts of the agreement as grounds for a mandamus, and, in the alternative, plead the facts of his injury and the negligence of the city of Beaumont. His prayer was for mandamus, ordering the execution and delivery to him of the draft for $6,000, and, in the alternative, for damages. The petition was not verified. Only the city of Beaumont was served with citation, and it was the only defendant who filed an answer, which consisted of general demurrer, three special exceptions, general denial, special pleas of contributory negligence, fellow servant, and assumed risk against relator, and a special denial that relator had given the notice of his injury required by the charter and ordinances of the city of Beaumont. The special exceptions did not present the point that relator's petition was not duly verified.

On trial to the court without a jury, relator abandoned his alternative allegations for damages, his action for mandamus was submitted to the court, and judgment was entered overruling the general and special demurrers, and awarding him the writ of mandamus as prayed for, ordering respondents to issue and deliver to him the draft for $6,000; judgment was also entered against the city of Beaumont for $6,000 and for all costs of court. Only the city of Beaumont prosecuted an appeal from that judgment.

## Opinion.

■ Under our practice a petition for mandamus should be verified. Shirley & Holland v. Conner, 98 Tex. 63, 80 S.W. 984, 81 S.W. 284; Orange Grocery Co. v. Leverett (Tex.Civ.App.) 282 S.W. 625; West v. Luttrell (Tex.Civ.App.) 35 S.W.(2d) 744; but the failure of appellant to except to the petition upon that ground waived the defect. Brown v. Ruse, 69 Tex. 589, 7 S.W. 489; 28 Tex.Jur. 640, Mandamus, § 66, note 9.

■ While respondents, mayor P. D. Renfro, city manager C. Hugh Petkovsek, and city clerk Raymond Edmonds, were sued in their official and fiduciary capacities as such mayor, city manager, and city clerk, respectively, and only in such capacity, they were not served with citation and filed no

answer; but it appears affirmatively upon the face of the record that they made themselves parties to the suit in the capacities in which they were sued, and participated in the trial. This conclusion necessarily follows because the agreed statement of facts was approved by "M. L. Lefler, J. B. Morris, attorneys for defendants," and the judgment ran against the parties named in the petition as respondents.

Appellant contends, under its general demurrer and not by plea of specific facts, that, since appellee was injured as an employee of its street and bridge department and while engaged in removing trees, trash, etc., from its streets, it was not liable in damages for his injuries; its proposition is that the work appellee was doing was "purely a governmental function," and, therefore, "no liability whatever resulted to said city." This contention is overruled for two reasons:

■ First. Under section 70, paragraph 2 of its charter, copied above, appellant had "maintained" appellee for 23 months after he was injured by paying him weekly the same amount earned while he was in the active discharge of his duties of employment. It is a reasonable inference from the facts to say that appellant agreed to pay appellee the $6,000, quoting from the agreed statement of facts, "in one lump sum," in full and final settlement of its assumed obligation under its charter, and, therefore, the settlement was based upon a valuable consideration.

■ Second. It may also be said that the settlement was made in good faith by appellant and appellee in compromise, satisfaction, and adjustment of appellee's claim for damages at common law. It must be presumed that both parties knew the law, appellee of his cause of action, and appellant of its defense but, because of the uncertainty of the facts on the issue of liability, the compromise settlement was made; the $6,000 was but slight compensation to appellee for the injuries suffered by him, and much less than the amount appellant would have had to pay if liability be conceded. Therefore, on that ground, the settlement was based upon a valuable consideration.

■ We conclude that, on the agreed statement of facts, it was the duty of C. Hugh Petkovsek, city manager, and Raymond Edmonds, city clerk of the city of Beaumont, to execute and deliver to appellee the draft for $6,000.

[8-10] We sustain appellant's proposition that C. Hugh Petkovsek and Raymond Edmonds were necessary parties to this litigation in their personal capacities. By the agreed statement of facts, plead by appellee as the basis of his cause of action, it was made to appear that the city of Beaumont, through its authorized agents, entered into an agreed settlement with relator; that this settlement was duly approved by a resolution of the city commission of the city of Beaumont which was never vetoed or rescinded, and is still in full force and effect; that C. Hugh Petkovsek, who was city manager, and Raymond Edmonds, who was city clerk, failed and refused to execute and deliver to relator the draft for $6,000, as ordered by the resolution, and that, in refusing to execute and deliver the draft, they were not acting under authority or color of authority from the city of Beaumont, but in direct violation of its express resolution. It follows, as a matter of law, that the city of Beaumont was exonerated from default in its obligation to relator, and that, in refusing to deliver the draft as ordered by the resolution, C. Hugh Petkovsek and Raymond Edmonds acted in their personal and not in their official capacities, and, for their default in this respect, appellee's action against them was personal. Since they were not before the court in that capacity, but only "in their official and fiduciary capacities," it is our conclusion that the judgment, as entered against them, was fundamentally erroneous.

The proposition that Petkovsek and Edmonds were necessary parties to this litigation in their personal capacities is fully supported by United States ex rel. Lewis v. Boutwell, 17 Wall.(84 U.S.) 604, 21 L. Ed. 721, where it was held, quoting from United States Supreme Court Reports Digest, vol. 6, § 3, par. b, of Mandamus: "The writ of mandamus is in the nature of a personal action, being aimed exclusively against an officer as a person, even where the duty is an official one, and he only can be punished for disobedience. The writ does not reach the office, nor can it be directed to it."

In Town of Pearsall v. Woolls, 50 S. W. 959, 960, in a mandamus suit, the Court of Civil Appeals said: "The court overruled the general and special demurrers to the petition. All of the matters of special demurrer would have been covered by the general demurrer, except, perhaps, the objection to the trustees being joined both as trustees and as individuals. Inasmuch as

the relief asked would have affected them, as individuals as well as trustees, we can see no good reason for the objection. They were liable personally for the costs of this proceeding, if plaintiff prevailed."

In Carpenter v. Kone, 54 Tex.Civ.App. 264, 118 S.W. 203, a mandamus suit, the San Antonio Court of Civil Appeals held, quoting from the second syllabus: "The office of a writ of mandamus against an officer is to compel the performance of a personal duty resting upon the person to whom the writ is sent." In Culberson County v. Groves Lumber Co., 191 S.W. 165, a mandamus proceeding, the El Paso Court of Civil Appeals said: "In mandamus proceedings to compel the county court to pay a judgment, the individual members of the court are the ones to be affected thereby, and no writ can be issued against them where the proceedings were against the county as such."

In Gaal v. Townsend, 77 Tex. 464, 14 S.W. 365, Judge Gaines, speaking for the Supreme Court, said: "We think it is a general rule that, when the performance of a duty is sought to be compelled by the writ of mandamus, all persons charged with the performance of that duty must be made parties defendant in the writ."

In Montgomery County v. Menefee County Court, 93 Ky. 33, 18 S.W. 1021, it was held, quoting second syllabus: "Mandamus will not lie against a county court to compel the levy of a tax, but must be brought against the individual officers intrusted with the performance of that duty."

In King v. Kentucky Board of Pharmacy, 157 Ky. 52, 162 S.W. 561, 562, it was held: "It will be noticed that this action is brought, not for the enforcement of contractual rights and obligations, but to coerce the performance of ministerial duties. It is an action against the individuals comprising the Kentucky Board of Pharmacy; its object being to require the individual officials, upon whom devolves the performance of a duty to execute the same. And these officers must be sued by name in order that the court may determine whether or not they are the proper persons to perform such duty, and in order that it may command them to perform it. See Montgomery County v. Menefee County Court, 93 Ky. 33, 18 S.W. 1021, 13 Ky.Law Rep. 891."

This proposition also has affirmative support in the holding of the Boutwell Case, supra, "Thus it is the personal default of the defendant that warrants impetration of the writ, and if a peremptory mandamus be awarded, the costs must fall upon the defendant," and of Gouhenour v. Anderson, 35 Tex.Civ.App. 569, 81 S.W. 104, and of Town of Pearsall v. Woolls, supra, to the same effect that a public officer in default is liable personally for the costs. Of course, if they were not before the court personally, judgment for costs could not be adjudged against them in that relation.

 The judgment of the lower court was also fundamentally erroneous in awarding judgment against the city of Beaumont for $6,000, which was without support in the pleadings—only a writ of mandamus was prayed for; and also in adjudging costs of court against it, since, under the agreed facts, it was not in default to the least extent.

For the reason stated, the judgment of the lower court is reversed and the cause remanded for a new trial.

Reversed and remanded.