## James v. Judge of Jefferson Circuit Court, Chancery Branch, First Division.

(Decided October 16, 1936.)

IRVING WALKER for petitioner.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Denying writ of mandamus.

By and through her committee, Volney T. Malott, Drusie James, a person of unsound mind, brought this action in this court against "His Honor, the Judge of the Jefferson Circuit Court, Chancery Branch, First Division," for a writ of mandamus commanding him to grant her an appeal in the case of Orville Ray Miller et al. v. Drusie James et al.

The petition and exhibits disclose the following situation: Orville Ray Miller and his wife were the owners of a seven-tenths undivided interest in a 125-acre tract of land located in Jefferson county. The remaining three-tenths interest were owned, two-tenths by Drusie James and one-tenth by Ruth Carr. Suit was brought by the Millers against Drusie James and Ruth Carr to sell the land on the ground of indivisibility. At that time Drusie James, a person of unsound mind, was confined in the Central State Hospital at Lakeland, and had no committee, father, guardian, or husband. Process was served on the superintendent of the hospital, who certified that the service of summons on Drusie James would be injurious to her, and the certificate duly attested by the officer delivering the copy of the summons was returned with the summons. On June 26, 1936, the land was ordered sold. On July 18, 1936, Volney T. Malott was appointed committee of Drusie James. On August 12, 1936, the committee moved to set aside and vacate the judgment on the ground that Drusie James was not served with summons and was not before the court, and the motion was overruled. Drusie James then moved the court to grant her an appeal, which was denied on the sole ground that the order refusing to set aside and vacate the judgment was not an appealable order.

Whether an appeal should have been granted from the order refusing to set aside the judgment of sale, and whether mandamus is the proper remedy, we can not now decide. In the early case of United States v. Boutwell, 17 Wall. 604, 607, 21 L. Ed. 721, the United States Supreme Court used the following language:

"The office of a writ of mandamus is to compel the performance of a duty resting upon the person to whom the writ is sent. That duty may have originated in one way or in another.

"It may, as is alleged in the present case, have arisen from the acceptance of an office which has imposed the duty upon its incumbent. But no matter out of what facts or relations the duty has grown, what the law regards and what it seeks to enforce by a writ of mandamus, is the personal obligation of the individual to whom it addresses the writ. If he be an officer, and the duty be an official one, still the writ is aimed exclusively against him

as a person, and he only can be punished for disobedience. The writ does not reach the office. It cannot be directed to it. It is, therefore, in substance a personal action, and it rests upon the averred and assumed fact that the defendant has neglected or refused to perform a personal duty, to the performance of which by him the relator has a clear right. Hence it is an imperative rule that previous to making application for a writ to command the performance of any particular act, an express and distinct demand or request to perform it must have been made by the relator or prosecutor upon the defendant, and it must appear that he refused to comply with such demand, either in direct terms or by conduct from which a refusal can be conclusively inferred. Tapping on Mandamus, 283. Thus it is the personal default of the defendant that warrants impetration of the writ, and if a peremptory mandamus be awarded, the costs must fall upon the defendant.''

The doctrine that mandamus is in substance a personal action, and that the officer against whom the writ is sought must be sued by name, has been recognized and applied by this court. Thus in the case of King v. Kentucky Board of Pharmacy, 157 Ky. 52, 162 S. W. 561, 562, we used the following language:

.''It will be noticed that this action is brought, not for the enforcement of contractual rights and obligations, but to coerce the performance of ministerial duties. It is an action against the individuals comprising the Kentucky Board of Pharmacy; its object being to require the individual officials, upon whom devolves the performance of a duty, to execute the same. And these officers must be sued by name in order that the court may determine whether or not they are the proper persons to perform such duty, and in order that it may command them to perform it. See Montgomery County v. Menifee County Court, 93 Ky. 33, 18 S. W. 1021, 13 Ky. Law Rep. 891.''

This action was not brought against the regular judge by name, but was brought against ''His Honor, the Judge of the Jefferson Circuit Court, Chancery Branch, First Division.'' No notice of the filing of the petition, or of the application for the writ of mandamus, was

598

served on Judge Churchill Humphrey, the regular judge of the Jefferson circuit court, chancery branch, First division. The only notice was served on Judge Farnsley, who at the time was acting in Judge Humphrey's stead. As the action is a personal one, and Judge Humphrey was not sued by name, or notified of the pendency of the action, or of the application for the writ, and is not before the court, and as Judge Farnsley was not sued by name, and has never refused upon request or demand to grant an appeal, it is at once apparent that the writ of mandamus should not go.

Wherefore, the petition for a writ of mandamus is denied.

Whole court sitting.