## Lewis et al. v. Board Of Councilmen Of Frankfort et al.

October 3, 1947.

William B. Ardery, Judge.

William A. Young for appellants.

Frank M. Dailey for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

Appellants, business partners, filed suit for a declaration of rights and a writ of mandamus against: "Board of Councilmen of the City of Frankfort, Hon. A. C. Jones, Mayor, and Hon. Mervin Parrent, Clerk; Respectively of said City."

Appellants alleged that they owned property located in the City of Frankfort; that they proposed to erect certain structures on this property and to operate a stockyard thereon; that they made application to the Board of Councilmen of the City for a permit to erect such structures and applied to the City Clerk for a license to operate the stockyard; that both applications were rejected; that a certain section of a "Building Ordinance" and the entire "Stockyard Ordinance" enacted by the Board of Councilmen, under which their application was rejected, were unauthorized, illegal, invalid, void and of no effect.

Appellants thereupon prayed that the Court: (1) Adjudge the ordinances void, (2) adjudge appellants entitled to a permit to remodel existing structures and construct additional structures upon their property, (3) adjudge appellants entitled to a license to operate a live stock market, (4) issue forthwith a writ of mandamus "commanding said board of councilmen to issue said building permit and commanding defendant, Mervin Parrent, Clerk, to issue said license."

The Court below sustained both a special and a general demurrer to appellants' petition. We consider it rather unusual practice for the lower Court to have passed on the general demurrer after sustaining the special demurrer, but we have decided that the judgment should be affirmed.

We will first take up the mandamus aspect of this law suit. As noted above, appellants pray that the Board of Councilmen be compelled to issue them a building permit. Appellants failed to make the individual members of the Board parties to this action. Such being the case, the Board is not before the Court, and its members neither have an opportunity to defend themselves in their official capacity nor are there any defendants against whom to enforce the Court's order, if the writ was granted.

In Montgomery County v. Menifee County Court, 93 Ky. 33, 18 S. W. 1021, a mandamus suit was filed against "the Menifee County Court." We held that a special demurrer to the petition was properly sustained, using the following language, at page 37 of 93 Ky., at page 1022 of 18 S. W.:

"Here the appellant seeks to compel by mandamus the performance of a ministerial duty; and it seems to us that the delinquency complained of is the refusal of the individual officials intrusted with the performance of that duty to execute it; and such persons should be sued by name, in order that the court might determine whether or not they are the proper persons to perform that duty, and to command them to perform it."

In James v. Judge of Jefferson Circuit Court, Chancery Branch, First Division, 265 Ky. 595, 97 S. W. 2d 544, 545, in an action for writ of mandamus against "His Honor, the Judge of the Jefferson Circuit Court, Chancery Branch, First Division," the plaintiff's petition was dismissed on the single ground that mandamus is in substance a personal action and the officer against whom the writ is sought must be sued by name.

In Monroe County Court v. Miller, County Judge, 132 Ky. 102, 116 S. W. 272, an action was instituted against Monroe County to compel the Fiscal Court to make a reasonable allowance for plaintiff's services as County Judge. He alleged that the order theretofore entered by the Fiscal Court making an allowance was void. The Court stated, page 105 of 132 Ky., page 273 of 116 S. W.:

"No mandamus could be obtained in such an action for the reason that the members of the fiscal court are necessary parties defendant in an action for a mandamus."

See also King v. Kentucky Board of Pharmacy et al., 157 Ky. 52, 162 S. W. 561.

In view of the above decisions, appellants could not obtain a writ of mandamus against the Board of Councilmen without making the members thereof, by name, parties defendant. As the prayer to relief against the Clerk is obviously secondary to the relief asked against

the Board of Councilmen, it would be futile to proceed against him alone.

With respect to appellants' prayer for a declaration as to the validity of the ordinances, it is likewise obvious that there is a defect of parties. Since appellants attack the legislative acts of the City of Frankfort, certainly the City should be a party defendant. Strangely, appellants' counsel in his reply brief, on page 3, admits that the City of Frankfort is the real party in interest. Apparently counsel is laboring under a very grave delusion. He evidently believes that because he sued the City's Mayor he was suing the City. This is a strange concept indeed. Nowhere in the pleadings or orders of the Court or in the Statement of Appeal does it appear that the City of Frankfort is a party to this litigation. Under such circumstances, the lower Court would have no right to inject it into the case by implication or enter any judgment affecting its rights.

The provisions of Section 639a—9, Kentucky Civil Code of Practice, providing that interested parties shall be made parties in a declaratory judgment suit is mandatory. Commonwealth ex rel. Meredith, Atty. Gen., v. Reeves, Commissioner of Revenue, et al., 289 Ky. 73, 157 S. W. 2d 751.

The Franklin Circuit Court properly sustained the special demurrer to appellants' petition.

We will not undertake to determine the propriety of sustaining the general demurrer, but will point out that insofar as the two defendants in this action are concerned, the petition does not appear to have stated a cause of action. Our affirmance of this judgment will not therefore constitute a determination of the validity of the two ordinances set out in appellants' petition, as such question could only be passed upon in an action brought against the proper parties.

The judgment is affirmed.