## Bess v. Reed.

(Decided December 18, 1925.)

### Appeal from Warren Circuit Court.

1. Attachment—Plaintiff Not Entitled to Damages for Decrease of Business.—In action for wrongful attachment of household goods, plaintiff was not entitled to prove incidental damages resulted to

her through decrease of business at her boarding house as result of wrongful taking.

2. Attachment—Refusal to Allow Evidence as to Attorney Fees and Loss of Use of Property by Wrongful Attachment Held Erroneous. —In action for wrongful attachment of plaintiff's household goods, refusal to allow plaintiff to introduce evidence at to attorney fees expended in getting attachment discharged and loss of value of the use of property sustained held erroneous.

GEORGE W. MEUTH and THOMAS, THOMAS & LOGAN for appellant.

RODES & HARLIN for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

In October, 1923, appellee, Reed, instituted an action in the Warren quarterly court against George D. Bess to recover on a claim for rentals due, and as an incident to that action she sued out a general order of attachment against the property of Bess located at No. 1238 Center street in Bowling Green. Under that order of attachment the sheriff took possession of a kitchen cabinet, some druggets, dining room chairs, phonograph and records, piano rolls, coal oil stove, etc., the property of Mrs. Bess, and held it for several months. After the court discharged the attachment as to this property, holding it to belong to Mrs. Bess and not to her husband, she instituted this action against Mrs. Reed, who sued out the attachment, to recover damages for the wrongful seizure and for the loss and destruction of certain of the property which was not returned, and for injury and destruction to certain other property taken under the attachment, and for the loss of profits which she says she sustained in the operation of a boarding house by reason of the taking of the furniture; and also for damages for the loss of the use of the property, and for attorney fees. At the trial the court declined to allow Mrs. Bess to prove the amount or value of the attorney fees expended in getting the attachment discharged, or to prove the incidental damages resulting to her boarding house through the wrongful taking of the property, or the value of the use of the property so taken while it was detained. In holding that the plaintiff was not entitled to prove incidental damages resulting to her through the decrease of business at a boarding house, as a result of the wrongful taking of the property, the court was following the general rule

upon the subject.  Hall v. Forman, 82 Ky. 505; Crawford v. Staples, et al., 184 Ky. 477.  But as to attorney fees and loss of the value of the use of the property sustained by the plaintiff, the court was in error in refusing to allow her to introduce evidence to support the averments of her petition. She was not suing upon the attachment bond because no bond was executed to her, she not being a party to the original cause.  The fact that an attachment had been sued out is important in this case only as a matter of history.  The situation may be treated as though the defendant in the case had wrongfully seized, taken, and held the property of the plaintiff.  In such case she would have been entitled to allege and prove the wrongful taking and detention, the resulting damage by scars or ill use of the property or loss of any part thereof, if any were lost or destroyed, and the value of the use of the property during the time it was wrongfully detained. We learn from the brief of counsel that since the determination of this particular litigation a separate suit has been instituted between the parties to recover attorney fees.  That makes it unnecessary to deal with that question here.  The pleadings were not skillfully prepared and the issues but illy presented.  It may be necessary in order to properly present the issues for the trial court to allow the parties to file amended or supplemental pleadings, and upon the trial of the case it should allow them to introduce competent evidence upon the subject indicated above, if they desire to do so.  Of course, when this is done the court will, by proper instructions, submit each question to the jury where there is a controversy of fact, or a question of damages.

For the reasons indicated the judgment is reversed for new trial consistent with this opinion.