**COMMONWEALTH of Kentucky, DEPARTMENT of HIGHWAYS, Petitioner,**

v.

**CIRCUIT COURT of the Commonwealth of Kentucky IN AND FOR the COUNTY OF BULLITT, Respondent.**

Court of Appeals of Kentucky.

Feb. 15, 1963.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Charles Dant Kearns, Lyndon, for petitioner.

Carroll & Carroll, Shepherdsville, J. D. Buckman, Jr., Frankfort, for respondent.

STEWART, Chief Justice.

In the Bullitt Circuit Court in the condemnation case styled Commonwealth of Kentucky, Department of Highways v. Lucille Wood, a judgment in the amount of $5520 was returned against the Commonwealth (we shall so refer to the condemner) on July 24, 1962. A motion for a new trial was timely filed, was heard and was overruled in September, 1962. However, no order to that effect was entered until November 9, 1962. On November 28, 1962, the Commonwealth filed a notice of appeal and is taking, or has completed, the steps necessary to perfect that appeal to this Court.

Meantime, but the record does not disclose the exact date, the Bullitt Circuit Court caused execution to issue on the judgment and the execution was sent to the sheriff of Franklin County to be levied on property owned by the Commonwealth. When the Bullitt circuit judge, the Honorable William R. Gentry, refused to quash the execution when moved so to do, the Commonwealth filed this petition asking this Court to direct the Bullitt Circuit Court to withdraw, quash, and set aside the execution on the theory that it was erroneously obtained.

Since the Commonwealth had already deposited $2500, which was the amount of the Bullitt County Court judgment of date December 11, 1961, the execution was for only $3020.

In conformity with Rule 1.420(c) of the Court of Appeals, the Commonwealth having moved therefor, an ex parte temporary writ was granted which in effect stays any further action under the execution until the case is passed upon, as the verified petition indicated the Commonwealth might suffer immediate and irreparable injury before a hearing, if such provisional relief were withheld.

At the outset, the respondent raises the point that the writ must be denied

for the reason that only a judicial entity is being proceeded against, that is, the Bullitt Circuit Court, whereas such an entity is incapable of any action except such as may be performed by and through its presiding judge, and, as is shown, that officer has not been made a party to this proceeding.

This position must be upheld and the writ therefore will not lie. This Court has held that an original proceeding, like the one under consideration, is in the nature of a personal action and the officer against whom the writ is sought must be sued by name. See James v. Judge of Jefferson Circuit Court, 265 Ky. 595, 97 S.W.2d 544.

■ Even though we must dismiss this proceeding under the circumstances, we believe, before doing so, we should answer the question which is at the core of this litigation, namely, whether the property of the Commonwealth may be levied upon by execution in order to satisfy a judgment debt secured against it. The request to direct that the execution be withdrawn, quashed and set aside is based upon the assumption that it should not have been issued against the Commonwealth. The precise issue has never been passed upon by this Court, and we are of the opinion that the question is of such importance generally that it should be settled.

It is argued by the respondent that the Commonwealth should be treated no differently from an ordinary debtor in respect to its judgment obligations, and that an execution, pursuant to the terms and conditions of KRS 426.030, may issue on a judgment entered against it, when ordered by the court, after the expiration of ten days from the rendition thereof. We are unable to agree with this contention.

■ It is the general doctrine that judgments against a state, in cases where it may be sued, should be considered to operate merely to liquidate and establish the debt of a claimant; and in the absence of an express provision otherwise, they cannot be enforced by the ordinary processes of law. See 81 C.J.S. States § 232, p. 1343. "Even though the rule as to immunity of a state is relaxed, the power of the courts ends when the judgment is rendered. Although the liability of the state has been judicially ascertained, the state is at liberty to determine for itself whether to pay the judgment or not, and execution cannot issue on a judgment against the state. Such statutes do not authorize a seizure of state property to satisfy judgments recovered, and only convey an implication that the legislature will recognize such judgments as final, and make provision for the satisfaction thereof." See 49 Am.Jur., States, Territories, and Dependencies, sec. 104, pp. 319, 320.

This excerpt from 33 C.J.S. Executions § 35, p. 164, has this to say on the subject under consideration:

"It is considered general doctrine needing no statutory sanction that the land and property of the state or its agencies or political subdivisions is not subject to seizure under general execution in the absence of statute expressly granting such right, * * * and it has been said that, as a matter of public policy, general statutory provisions making property subject to execution are construed to apply only to the property of private persons and corporations, and not to that of public corporations or bodies politic."

Our attention has been called to no statute, nor have we been able to find any, which authorizes property of the Commonwealth to be subjected to sale under execution. Furthermore, the purpose or capacity in which state property is held does not, so far as we have been able to ascertain, alter the rule that such property cannot be levied upon and sold, save and except as permitted by the Legislature.

■ The question then arises: How may a judgment debt against the Commonwealth

be satisfied? It would seem that mandamus would lie against the Commissioner of Finance to cause the obligation to be audited and a warrant to be issued and, in turn, against the Treasurer to compel the payment of the warrant, unless the law under which the payment is to be made is unconstitutional. See 81 C.J.S. States § 232, p. 1343.

We deem it unnecessary, in the light of our holding, to resolve the question raised concerning the Commonwealth's failure to execute a supersedeas bond. Also, the ex parte temporary writ is dissolved.

Wherefore, the writ is denied.