Sandra C. **BROOKS** and William C. Jacobs, Attorney, Appellants,

v.

**LEXINGTON–FAYETTE URBAN COUNTY HOUSING AUTHORITY, Appellee.**

Nos. 2008–CA–001677–MR, 2008–CA–002078–MR.

Court of Appeals of Kentucky.

Nov. 13, 2009.

Rehearing Denied Jan. 25, 2010.

Discretionary Review Denied by Supreme Court March 16, 2011.

William C. Jacobs (argued), Lexington, KY, for appellants.

Brent R. Baughman (argued), Wendy Bryant Becker, Lexington, KY, for appellee.

Before KELLER, MOORE and NICKELL, Judges.

## OPINION

NICKELL, Judge.

This case reaches our Court for the third time following seventeen years of contentious litigation. It has been the subject of published opinions from this Court and the Supreme Court of Kentucky.[1] The issues raised in this appeal are whether the trial court erred in grant-

ing the Lexington–Fayette Urban County Housing Authority its costs and expenses incurred in its successful bid to quash enforcement of a non-wage garnishment, and in denying Sandra C. Brooks' ("Brooks") request for attorney's fees. These issues arise from orders of the Fayette Circuit Court entered on August 7, 2008, and October 10, 2008. Although separately appealed, the matters have been consolidated for purposes of our review.

The salient background facts and procedural history were set forth in our opinion in *Brooks II* as follows:

In 1992, Brooks initiated a suit against her former employer, Lexington–Fayette Urban County Housing Authority (Housing Authority) for race discrimination and retaliation in contravention of the Kentucky Civil Rights Act (KCRA). On October 17, 1997, the Fayette Circuit Court entered a judgment in conformity with the jury's verdict. The jury found for the Housing Authority on Brooks' claim of race discrimination, but awarded her $40,000 in damages on her claim of retaliation. In addition to the jury award, the trial court allowed post-judgment interest at 12% as set forth in Kentucky Revised Statute (KRS) 360.040. The trial court also awarded Brooks her costs and attorney fees "in such amount as the Court shall determine upon application by Plaintiff."

Both parties engaged in vigorous post-verdict and post-judgment practice, thus delaying finality of the judgment. Among the post-verdict activity is the Housing Authority's objection to Brooks' Motion for Entry of Judgment which included the allowance of post-judgment interest. The Housing Authority cited

1. *Brooks v. Lexington–Fayette Urban County Housing Authority,* 132 S.W.3d 790 (Ky.2004) (*"Brooks I"*), and *Brooks v. Lexington–Fayette Urban County Housing Authority,* 244 S.W.3d 747 (Ky.App.2007) (*"Brooks II"*).

*Powell v. Board of Education of Harrodsburg,* 829 S.W.2d 940 ([Ky.App.]1992) for the proposition that an award of interest pursuant to KRS 360.040 is not applicable to judgments against state agencies. The judgment the trial court entered on October 17, 1997, included the allowance of interest over the Housing Authority's objection.

The parties' post-judgment motion practice included a motion for judgment notwithstanding the verdict pursuant to Civil Procedure Rule (CR) 50.02, filed by the Housing Authority, and a CR 59.01 motion filed by Brooks.

Having considered the parties' motions and responses, the Fayette Circuit Court entered a Final Judgment (Judgment) on June 7, 1999. The Judgment included the following language: "[T]he Trial Verdict and Final Judgment was heretofore entered herein on October 17, 1997, the same being herein incorporated by reference[.]" Such incorporation by reference would have included the allowance of post-judgment interest specifically addressed in that judgment and challenged in post-judgment motion practice. Finally, the Judgment included an award of attorney fees in favor of Brooks in the amount of $52,474.50.

Both parties appealed the Judgment, but the Housing Authority did not identify the award of post-judgment interest as an issue on appeal. After this Court rendered its opinion, the Supreme Court granted discretionary review in order to address several issues not relevant to this appeal. The Supreme Court affirmed the circuit court's original findings and remanded the case to the "Fayette Circuit Court to reinstate the judgments in Brooks' favor." *Brooks v. Lexington–Fayette Urban County Housing Authority,* 132 S.W.3d 790, 809 (Ky.2004).

Upon remand of the case, the Housing Authority relied on a Supreme Court case decided the same day as *Brooks.* That case is *Ky. Dept. of Corrections v. McCullough,* 123 S.W.3d 130 ([Ky.] 2003) in which the Supreme Court, relying on *Powell, supra,* held that a state agency is not liable for post-judgment interest on a judgment obtained under the KCRA. The Housing Authority moved the circuit court to eliminate post-judgment interest from the 1997 Judgment and not to impose it on the 1999 Judgment, or in the alternative, to lower the interest rate. The circuit court sustained the motion. This second appeal followed.

The issue to be resolved on this appeal is whether the circuit court erred upon remand of this case by denying Brooks any post-judgment interest on either the 1997 or the 1999 Judgments. We hold that when the trial court rescinded that portion of its original Judgment allowing interest, it did so contrary to the law of the case doctrine applicable to this case. Consequently, we reverse the circuit court's judgment that reinstates the June 7, 1999, judgment without the allowance of post-judgment interest.

Following a remand, the trial court entered an order in conformity with the instructions contained in *Brooks II* affirming Brooks' entitlement to post-judgment interest and her attorney's fees and costs. Nevertheless, Brooks was unable to obtain voluntary satisfaction of the judgment from the Housing Authority. She therefore caused a non-wage garnishment to issue in an attempt to collect any outstanding sums due under the judgment. Citing *Commonwealth of Kentucky, Dept. of Highways v. Circuit Court In and For Bullitt County,* 365 S.W.2d 106 (Ky.1963) (hereafter referred to as *"Bullitt Circuit Court "*), the Housing Authority vehement-

ly challenged the garnishment, arguing it was a public agency and thus not subject to levy by execution on a judgment. On April 14, 2008, the trial court entered an order quashing enforcement of the garnishment. Subsequently, on August 7, 2008, the trial court found the garnishment to have been wrongful under the guidance set forth in *Bullitt Circuit Court,* and granted the Housing Authority's motion for expenses in the amount of $3,202.50 incurred in connection with its challenge of the garnishment. Brooks timely appealed to this Court on September 4, 2008.

That same day, Brooks moved the trial court for an award of attorney's fees pursuant to KRS 344.450 in the amount of $10,384.50 for expenses incurred between April 8 and September 3, 2008. The Housing Authority opposed the motion, arguing the services sought to be compensated were unreasonable. The trial court found the fees to be unreasonable and denied the motion by order entered on October 10, 2008. Brooks timely appealed from that order. Following a prehearing conference, we ordered the two appeals consolidated. We affirm.

Before addressing the merits in this matter, we feel compelled to comment on the Housing Authority's position that its failure to voluntarily satisfy the judgment in a timely fashion was due to its inability to determine how much it was required to pay. This argument appears somewhat disingenuous as the Housing Authority need have only made a simple and timely request of the trial court to fix the amount due on the final judgment. However, it waited until after Brooks felt compelled to cause the non-wage garnishment to be issued before seeking any determination from the trial court of the sums due and owing. Had it sought this guidance earlier, the garnishment may never have issued and this appeal could possibly have been

avoided. Although it was not required to make such a request, given the litigious nature of this action and its lengthy history, we would expect the parties to act expeditiously and in good faith to resolve all outstanding issues. Nevertheless, the Housing Authority did not do so, and we must address Brooks' contentions.

■ Brooks first contends the trial court erred in granting the Housing Authority legal fees in the amount of $3,202.50 incurred in challenging the enforcement of the non-wage garnishment. She alleges the Housing Authority's claim of state agency status was precluded by the law of the case doctrine. In support of this contention, she states that earlier opinions of the trial court and both levels of appellate courts, in upholding the statutory judgment interest, have—at least implicitly—declared the Housing Authority not to be a state agency. Brooks believes that because post-judgment interest was ordered and affirmed, the Housing Authority is thereby precluded from asserting state agency status "for any purpose" in this litigation. Thus, she contends the garnishment was valid and not wrongful under *Bullitt Circuit Court,* the Housing Authority did not enjoy immunity from execution, and she is, therefore, not liable for its expenses. We disagree and believe Brooks' reliance on the law of the case doctrine on this issue is misplaced.

Brooks correctly asserts the Housing Authority failed to appeal from the trial court's initial award of post-judgment interest and did not first challenge the ruling until after the case had been remanded by our Supreme Court. Although the trial court amended its judgment in light of the then-recent decision of *McCullough,* we held the law of the case doctrine precluded the Housing Authority from attempting to re-litigate the issue of post-judgment interest as that issue had been previously set-

tled on appellate review. As we stated in *Brooks II*, "[t]he law of the case doctrine is 'an iron rule, universally recognized, that an opinion or decision of an appellate court in the same cause is the law of the case for a subsequent trial or appeal however erroneous the opinion or decision may have been.' *Union Light, Heat & Power Co. v. Blackwell's Adm'r*, 291 S.W.2d 539, 542 (Ky.1956). The doctrine is predicated upon the principle of finality." *Brooks II*, 244 S.W.3d at 751.

Our opinion in *Brooks II* held the Housing Authority's failure to challenge the trial court's award of post-judgment interest in the first appeal was the fatal flaw which precipitated its liability and ultimately became the law of the case. Contrary to Brooks' assertion, our holding was not premised upon the trial court's alleged rejection of the Housing Authority's status as a state agency. In fact, a careful reading of *Brooks II* reveals the panel believed the Housing Authority was, in fact, a state agency. This is especially evident in our discussion of *McCullough* which centered on state agency immunity. We have scoured the lengthy record and the earlier published opinions rendered in this matter and are unable to locate a holding by any court that the Housing Authority is not a state agency.

As correctly noted by the Housing Authority, it is organized as a public entity under KRS Chapter 80 to be a municipal or city housing authority. Numerous cases from within and without this jurisdiction have clearly held such entities to be state agencies. *See Louisville Metro Housing Authority v. Burns*, 198 S.W.3d 147 (Ky.App.2005); *City of Louisville Municipal Housing Commission v. Public Housing Administration*, 261 S.W.2d 286 (Ky.1953); *Salisbury v. Housing Authority of Newport*, 615 F.Supp. 1433, 1436 (E.D.Ky.1985) (overruled on other grounds by *Duchesne v. Williams*, 849 F.2d 1004 (6th Cir.1988); *Tedder v. Housing Authority of Paducah*, 574 F.Supp. 240 (W.D.Ky. 1983)). Clearly, in light of these and other precedents, an entity created under KRS Chapter 80 enjoys the status of a state agency. Therefore, the trial court correctly found the Housing Authority is not subject to levy or execution by garnishment as it is a body politic of the Commonwealth. *Bullitt Circuit Court*, 365 S.W.2d at 108 (Judgments against the Commonwealth "cannot be enforced by the ordinary processes of law" and execution against property cannot be had against public corporations or bodies politic but only against property of private persons).

■ Based on its correct determination that Brooks' attempt to attach the property of the Commonwealth was wrongful, it was then in the trial court's discretion to award the Housing Authority its reasonable attorney's fees incurred as a result of challenging the garnishment. Under CR 54.04 trial courts are vested with discretion to award costs to the prevailing party, but absent some other express authority, such costs do not generally include attorney's fees. Nevertheless, it has long been held that a party may recover his attorney's fees incurred in resisting or attacking a wrongful attachment. *See Bess v. Reed*, 212 Ky. 243, 278 S.W. 569 (1925). In addition, pursuant to KRS 411.080, reasonable attorney's fees are recoverable in a wrongful garnishment action. *See also Kentucky Farm Bureau Mut. Ins. Co. v. Burton*, 922 S.W.2d 385, 389 (Ky.App. 1996). Therefore, there is express authority—both statutory and judicially created—authorizing the trial court to award the Housing Authority its requested legal fees. It is only in the case of an abuse of discretion that a reviewing court will overturn a trial court's award of attorney's fees. *King v. Grecco*, 111 S.W.3d 877, 883

(Ky.App.2002) (citations omitted). Our review of the record reveals no such abuse by the trial court. The only requirement for awarding attorney's fees is that such award be reasonable. We cannot say the amount awarded by the trial court was excessive or improper.[2] There was no abuse of discretion.

 Finally, Brooks contends the trial court erred in denying her request for additional attorney's fees.[3] Brooks requested reimbursement for fees incurred following the rendering of *Brooks II* including her attempt to enforce her judgment through the non-wage garnishment and contends the trial court abused its discretion in failing to grant her petition. Again, we disagree. Brooks sought $10,384.50 as compensation for her "reasonable" attorney's fees incurred in litigating post-judgment matters from April 8, 2008, to September 3, 2008. These fees represented hours spent by counsel in unsuccessfully challenging the Housing Authority's opposition to the non-wage garnishment, unsuccessfully opposing the Housing Authority's request to exempt it from posting a supersedeas bond, unsuccessfully moving for an order holding the Housing Authority's counsel to her "promise" to pay the judgment, and for phone calls and other correspondence associated with these matters.

As correctly stated by the trial court, it is well settled in Kentucky that attorney's fees are awarded only to the prevailing party. CR 54.04, KRS 344.450. Brooks did not prevail on any portion of the litiga-

tion for which she now seeks reimbursement for her attorney's fees. She cites no authority supportive of her proposition that she is somehow still entitled to receive the requested fees and we are convinced none exists. The trial court correctly found the fee application was unreasonable and the amounts sought were non-compensable under the law. Again, there was no abuse of discretion.

Therefore, for the foregoing reasons, the orders of the Fayette Circuit Court entered on August 7, 2008, and October 10, 2008, are affirmed.

ALL CONCUR.

---

2. Brooks' argument that $3,202.50 is a "patently excessive amount" of attorney's fees is severely undermined by her own request for $4,410.00 in fees for "unsuccessfully challenging the Housing Authority's opposition to the garnishment."

3. According to the record before us, Brooks had previously been awarded attorney's fees

at various points in the litigation. She was originally awarded fees in the amount of $56,810.37 plus interest at the rate of twelve percent per annum from October 1997 until paid on June 23, 2004. She was subsequently awarded fees in the amounts of $35,213.79 on January 12, 2005, $46,599.61 on March 24, 2008, and $14,344.50 on September 12, 2008.