RENDERED: AUGUST 28, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-000990-MR

RQ FLOORS, CORP.                                                    APPELLANT

APPEAL FROM FAYETTE CIRCUIT COURT
v.        HONORABLE ERNESTO M. SCORSONE, JUDGE
ACTION NO. 18-CI-03311

BPM LUMBER, LLC                                                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND LAMBERT, JUDGES.

CLAYTON, CHIEF JUDGE: RQ Floors, Corp. ("RQ Floors") appeals from the

Fayette Circuit Court's order requiring RQ Floors to pay a portion of the attorney's

fees incurred by BPM Lumber, LLC ("BPM") in a breach of contract dispute.

Upon review of the record and applicable law, we affirm the decision of the trial

court.

# BACKGROUND

This litigation involves a breach of contract claim by BPM against RQ Floors. BPM produced and distributed hardwood lumber and other related wood products. RQ Floors manufactured and sold hardwood flooring. Between February and May of 2018, RQ Floors solicited the business of BPM for three orders of lumber. In connection with such orders, RQ Floors executed a Business Credit Application (the "Credit Application"), which provided that BPM would provide certain goods to RQ Floors on credit. The Credit Application contained the following language:

> **TERMS.** Applicant(s) further agrees that, in the event any balance, past due or contested, is placed with a collection agency or attorney for collection, applicant(s) agree to pay all reasonable collection or attorney's fees plus court costs incurred.

After the execution of the Credit Application, BPM specifically manufactured the contracted goods and timely delivered them to RQ Floors, which RQ Floors accepted. Despite appropriate demand by BPM, RQ Floors failed to pay for the contracted goods. RQ Floors' outstanding balance totaled $77,749.35.

On September 18, 2018, BPM filed a complaint against RQ Floors for one count of breach of contract and one count of unjust enrichment. Subsequently, on April 2, 2019, BPM filed a motion for summary judgment containing a ledger stating the fees incurred by BPM during the litigation to be $6,826.05, along with a

sworn affidavit of BPM's counsel.  In the affidavit, BPM's counsel again stated the amount of attorney's fees incurred by BPM as of the date of the filing of its motion for summary judgment and affirmed that the fees incurred were customary and reasonable given the complexity of the litigation.  RQ Floors filed a response to BPM's motion for summary judgment in which RQ Floors asserted that the reasonableness of the attorney's fees could not adequately be determined by the affidavit and ledger, and that BPM should have instead submitted the actual itemized invoices issued by BPM's counsel.

The trial court entered an order on April 23, 2019, granting summary judgment in BPM's favor in the amount of $93,905.32, which comprised the principal amount ($77,749.35), overdue assessment fees ($9,329.92), and BPM's costs and attorney's fees incurred ($6,826.05), plus post-judgment interest at the maximum legal rate from the date of the judgment until paid.  On May 28, 2019, upon RQ Floors' motion to alter, amend, or vacate the judgment, the trial court submitted an amended order clarifying that any post-judgment interest would accrue at six percent (6%) per annum from the date of judgment until paid.  The court further denied BPM's oral requests to review the itemized invoices submitted by RQ Floors' counsel.

On June 26, 2019, RQ Floors filed a timely notice of appeal of the trial court's order and amended order.

# ANALYSIS

## a. Standard of Review

Under Kentucky law, an award of attorney's fees is reviewed by this Court using an abuse of discretion standard. *Allison v. Allison*, 246 S.W.3d 898, 909 (Ky. App. 2008); *see also Miller v. McGinty*, 234 S.W.3d 371, 373 (Ky. App. 2007). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

## b. Discussion

RQ Floors does not dispute that BPM is entitled to a judgment in BPM's favor regarding the underlying debt owed and, pursuant to the Credit Application, BPM's reasonable attorney's fees. Rather, RQ Floors argues that the trial court abused its discretion by relying solely on the affidavit and ledger submitted in BPM's motion for summary judgment to determine the reasonableness of BPM's counsel's fees and for failing to conduct its own review of the specific itemized invoices of BPM's counsel. RQ Floors further argues that it was impossible for the trial court to determine the enforceability of the contractual provision contained in the Credit Application awarding attorney's fees under Kentucky Revised Statute (KRS) 411.195 without further information

concerning counsel's hourly rate and whether the fees were "actually paid or agreed to be paid."

Kentucky courts have stated that the primary consideration in a trial court's award of attorney's fees is that "such award be reasonable." *Brooks v. Lexington-Fayette Urban County Housing Authority*, 332 S.W.3d 85, 91 (Ky. App. 2009). As further stated in *A & A Mechanical, Inc. v. Thermal Equipment Sales, Inc.*, "a trial court should require parties seeking attorney fees to demonstrate that the amount sought is not excessive and accurately reflects the reasonable value of bona fide legal expenses incurred." 998 S.W.2d 505, 514 (Ky. App. 1999) (citation omitted). Additionally, the existence of other reasonable conclusions as to the reasonableness of an awarded attorney's fee is not a sufficient basis for overturning the award where the trial court's determination is reasonable. *Id.* When the trial court has acted reasonably in awarding attorney's fees, it has fulfilled its obligation. *Id.*

Here, RQ Floors argues that the trial court abused its discretion by reviewing only the affidavit and ledger provided by counsel to determine the reasonableness of the attorney's fees. The record reflects, however, that the trial court considered not only the affidavit and ledger submitted by BPM's counsel, but also the overall history of the case. Such history indicates that the litigation in this case was based on an undisputed account balance, as well as the fact that RQ

Floors may have increased - by its own actions - the amount of attorney's fees owed to BPM's counsel. Further, the record reflects that the trial court considered the ratio of BPM's attorney's fees to the principal amount of the overall indebtedness, as well as the fact that the litigation involved motions, memoranda, and arguments to the court. The trial court appropriately considered all the information before it to determine whether an award of attorney's fees was reasonable in this case, and we, therefore, cannot find that the trial court abused its discretion in awarding attorney's fees to BPM.

RQ Floors further argues that it was "impossible" for the trial court to determine whether BPM's counsel's fees were paid or agreed to be paid as required by KRS 411.195 without reviewing the applicable itemized invoices. KRS 411.195 states that a contractual provision awarding attorney's fees is only enforceable "to the extent actually paid or agreed to be paid[.]" The foregoing language does not require, nor have Kentucky courts interpreted such language as requiring, a trial court to review an attorney's itemized invoices before awarding attorney's fees in every case. In this case, the trial court did not abuse its discretion in awarding the attorney's fees, as the language in the Credit Application clearly indicated that RQ Floors had previously agreed to pay such attorney's fees, and both the ledger and the affidavit were sufficient to prove that BPM had either actually paid the fees or had agreed to pay the fees.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the Fayette Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

J. Ross Stinetorf
Thomas D. Bullock
Lexington, Kentucky

BRIEF FOR APPELLEE:

M. Scott Mattmiller
Eric C. Eaton
Lexington, Kentucky