RENDERED: JULY 30, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0422-MR

TODD A. DREXEL                                                        APPELLANT

APPEAL FROM WARREN CIRCUIT COURT
v.          HONORABLE CATHERINE R. HOLDERFIELD, JUDGE
ACTION NO. 15-CI-01512

SELENA C. DREXEL (N/K/A MUNN)                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, JONES, AND McNEILL, JUDGES.

COMBS, JUDGE: Todd A. Drexel appeals from an order of the Warren Circuit

Court entered on February 24, 2020. The circuit court granted the motion of

Selena C. Drexel (n/k/a Selena Munn), Todd's former spouse, for an award of

attorney's fees. Having carefully considered the lengthy record and the arguments

on appeal, we affirm.

The Drexels married in November 1997.  They have three children. In August 2015, the parties were involved in a series of violent events that resulted in felony charges against each of them.  For a time, the children were removed from their care.  Ultimately, custody of the children was restored to Todd.

In December 2015, Selena filed a petition for divorce.  A profusion of motions followed.  The motions encompassed issues ranging from child custody evaluations and the use of marital funds to defend against the criminal proceedings to issues involving the inspection of the parties' cell phones and payment of the internet bill at the marital home.  Contempt motions abounded.

Finally, the couple executed a property settlement agreement in March 2018.  In addition to resolving marital and non-marital property issues, the agreement provided that Todd would pay to Selena $6,250.00 in monthly maintenance for a period of 64 months.  This obligation was made payable on the first day of each month.

Todd was to exercise sole legal and physical custody of the children until such time as the parties' therapists and the children's therapist recommended a modification of the arrangement.  Decisions involving visitation arrangements were left to the discretion of the therapists.  By the terms of the agreement, Selena was released from any obligation to contribute to the support of the children.  In a provision included in a portion of the agreement entitled "Bank Accounts and

Retirement Accounts," Selena agreed to provide to Todd "the account information for the 529 plans."

Each party was to be responsible for his and her own attorney's fees incurred as of the date of the agreement. In the event of a default on any obligation, the defaulting party was required to reimburse the other for any losses and the fees and costs incurred to enforce the terms of the agreement. The parties indicated that the written agreement represented their entire settlement.

The parties were divorced by decree entered on March 28, 2018. The court determined that the terms of the property settlement agreement were not unconscionable, and it incorporated them into the decree of dissolution.

Only weeks later, the contentious litigation resumed. Selena filed a flurry of deposition notices and subpoenas *duces tecum*.

On July 20, 2018, she filed a motion for entry of a qualified domestic relations order as dictated by the terms of the property settlement agreement. She also filed a motion to compel Todd's compliance with terms of an agreed order entered on September 13, 2016, obligating him to fund accounts "for the benefit of the parties' two minor children (G.E.D. and A.E.D.) at the rate of $300.00 a month or $150.00 to each of the accounts each month." These are the "529 accounts." Provision for this payment was addressed in a list of fixed monthly payments to be made by Todd, including: the house payment for the marital home; the boat

-3-

payment; vehicle payments; and other expenses that totaled nearly $12,000.00 per month. Selena sought an order directing Todd to contribute $5,700.00 to the 529 accounts. Finally, she filed a motion to cause Todd "to disgorge funds obtained by [him] in violation of the status quo order entered September 7, 2016." Selena contended that Todd violated the court's order when he cashed in an Accordia Life Insurance policy. She sought to recover one-half of the value of the $53,841.90 policy (with interest) and an additional $4,250.00 representing one-half of the expected growth in the policy's value had it not been sold. Selena asked the court to award her attorney's fees.

On August 3, 2018, Selena filed a motion to require maintenance to be timely paid. She indicated that Todd was "constantly late" with the maintenance payment. An additional motion for contempt was filed on August 9. Once again, Selena asked the court to award her attorney's fees.

Todd responded to the various motions. He asked the court to order Selena to reimburse him for his attorney's fees incurred as a result of her frivolous filings. A qualified domestic relations order was entered on August 8, 2018.

Following a hearing conducted on September 27, 2018, Todd was held in contempt for failing to pay maintenance on a timely basis. He was also required by the court's order to deposit $5,700.00 into the children's 529 accounts and to disgorge $26,920.95 (plus prejudgment interest) and an additional $4,250.00

representing the value of the Accordia Life Insurance policy. With respect to the competing motions for attorney's fees, the court ordered the parties to submit their income information and the attorneys to file affidavits itemizing the fees incurred with respect to the various issues presented to the court. A series of unrelated motions followed.

Selena's counsel submitted an affidavit itemizing 50.6 hours of time at $200.00 per hour. Todd filed a motion requesting an evidentiary hearing with respect to this issue.

Another series of motions followed related to issues ranging from Selena's multiple attempts to depose the children's therapist and to subpoena their therapy records as well as to Todd's multiple attempts to preclude the circuit court judge from continuing to preside over the litigation.

On January 22, 2019, Selena filed another motion for attorney's fees. She sought to recover $56,940.00 from Todd -- an amount described as 90% of the $88,267.00 in attorney's fees that she had paid over the course of the litigation (minus the $25,000.00 Todd had already paid). She sought an additional $15,000.00 for the attorney's fees that she expected to incur.

Again, a series of motions followed, including: Todd's request for a contempt order based on Selena's alleged failure to abide by the directives of the children's therapist and her alleged refusal to allow his "peaceful enjoyment of

family, work, and life"; and his motion for an order requiring Selena to account for the balance of the 529 accounts established for the children's education.

On June 14, 2019, Selena's counsel submitted his affidavit itemizing the entire time that he had spent on the representation. It now totaled 109.90 hours. The fees totaled $24,178.00.

In a motion filed on June 28, 2019, Todd contended that it was:

not appropriate for the court to attempt to make findings [of] fact based simply upon the affidavits submitted by counsel . . . without affording [him an opportunity] to cross-examine [Selena or her attorneys] in regard to particular demands for attorney's fees.

Todd requested the court to hold an evidentiary hearing in which Selena's attorney could be called to offer testimony with respect to his itemized bill. More motions for contempt and attorney's fees followed.

On January 21, 2020, Selena's counsel submitted an affidavit supplementing his previous itemization of fees. Counsel described an additional 40.28 hours of work for which he sought $8,056.00 -- for a total of $32,234.00.

In an order entered February 24, 2020, the Warren Circuit Court granted Selena's motion for attorney's fees. The court ordered Todd to pay Selena $31,000.00 within twenty days. This appeal followed.

On appeal, Todd argues that the court abused its discretion by ordering him to pay to Selena $31,000.00 for her attorney's fees. He argues that the court misapplied the provisions of KRS[1] 403.220, the "fee-shifting" statute.

KRS 403.220 provides that a court may order a party to pay a reasonable amount for the costs incurred by an opposing party for maintaining or defending any proceeding under the statutory chapter related to divorce, child custody, and support. After considering the financial resources of both parties, a court may also award attorney's fees for the legal services rendered in connection with those proceedings.

The purpose of the fee-shifting statute is to ensure the fairness of family law proceedings. *Seeger v. Lanham*, 542 S.W.3d 286 (Ky. 2018). As the Supreme Court of Kentucky noted in *Gentry v. Gentry*, 798 S.W.2d 928, 938 (Ky. 1990), "[t]he amount of an award of attorney's fees is committed to the sound discretion of the trial court[.]" In order to discourage conduct and tactics that waste the court's and attorneys' time, the family court is granted wide latitude to make an award of attorney's fees. *Rumpel v. Rumpel*, 438 S.W.3d 354 (Ky. 2014).

In the case before us, the circuit court found that many of the costs and fees incurred by Selena "were unnecessary and that a good deal of the Court's time and [a] substantial part of [her] cost[s] and fees could have been avoided by

---

[1] Kentucky Revised Statutes.

candor and cooperation by [Todd]." The court noted that this is particularly true because Todd "readily admitted that he had failed to pay maintenance on time and had failed to pay monies into the 529B accounts as previously ordered."

Todd explains that as a "successful physician he earns a good income for his valuable services." However, he maintains that Selena is not entitled to an award of attorney's fees because she "is certainly not coming to this matter from a place of need or hardship" and because she "is certainly not existing in any sort of impoverished state." He argues that considering the income of the parties can be relevant only where "one party is wealthy and the other lacks literally subsistence income." We disagree.

In *Smith v. McGill*, 556 S.W.3d 552 (Ky. 2018), our Supreme Court directly addressed this issue and specifically removed financial disparity between the parties as a threshold requirement for an award of fees pursuant to KRS 403.220. Nevertheless, financial disparity is still a viable factor for the circuit court to consider in applying the statute. In this case, the circuit court followed the statute's directives by considering the financial resources of the parties. Significantly, the court was in the best position to observe the lack of candor and cooperation resulting in the accrual of many of the fees in this case, which it clearly noted in its order.

Todd also suggests that Selena's motion for attorney's fees could be properly granted only where the court found that his conduct alone caused the matter to be excessively litigated. In his brief, Todd admits that any description of the post-decree practice as "aggressive" is "probably something of an understatement." But he claims that "[t]o engage in the fiction that it is some sort of unilateral conduct by [him] that has caused this divorce to be fractious is the most grave sort of abuse of discretion."

A single circuit court judge has presided over this matter from its inception. It is clear from its order that the court was persuaded that many of the fees incurred by Selena were unnecessary and that a good deal of the court's time could have been saved had Todd been honest and cooperative. It was not required to find that Todd's actions alone caused the post-decree litigation to continue. Instead, the court was authorized to award a reasonable amount of attorney's fees for the legal services rendered in the proceedings to either party after considering the financial resources of each of them. We have examined the court's findings, and they are adequately supported by the evidence. It did not abuse its discretion by awarding attorney's fees to Selena.

Next, Todd contends that the court erred by failing to conduct an evidentiary hearing before awarding attorney's fees to Selena. He contends that he was deprived of due process because the court refused to provide him "any

opportunity to be heard or to take testimony in opposition to the motion." He claims that he was entitled to an "opportunity to put on . . . proof on his own behalf" before the court deprived him of property "as a sort of quasi-sanction." He wanted the opportunity to question Selena with respect to "her own continued pattern of misconduct, inquire further into her own financial situation, [and] ask about the details of the submitted attorney's fees."

The circuit court's order of February 24, 2020, recites that the parties were present when the matter came before the court and that the court had considered both the testimony of the parties and the arguments of counsel in arriving at its decision. While this hearing was not included in the record forwarded to us on appeal, we note its reference to that proceeding.

An award of attorney's fees is within the sound discretion of the trial court. The primary consideration is that "such award be reasonable." *Brooks v. Lexington-Fayette Urban County Housing Authority*, 332 S.W.3d 85, 91 (Ky. App. 2009). As this Court explained in *A & A Mechanical, Inc. v. Thermal Equipment Sales, Inc.*, 998 S.W.2d 505, 514 (Ky. App. 1999) (citation omitted), "a trial court should require parties seeking attorney fees to demonstrate that the amount sought is not excessive and accurately reflects the reasonable value of bona fide legal expenses incurred." When the trial court has acted reasonably in awarding attorney's fees, it has fulfilled its obligation. *Id.* And it has acted within the

confines of its jurisdictional parameters.

The record clearly establishes that the circuit court was aware of the parties' respective financial resources; the nature and resolution of the multitude of motions filed by each of them; the qualifications of their attorneys; and the reasonableness of the fees incurred as a result of the proceedings. Based upon the record before us, we cannot conclude that the circuit court abused its discretion by awarding Selena attorney's fees in the amount of $31,000.

We AFFIRM the order of the Warren Circuit Court.


ALL CONCUR.


| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
| --- | --- |
| John David Cole, Jr.<br>Bowling Green, Kentucky | D. Bailey Walton<br>Bowling Green, Kentucky |